## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x
                  :

INV HOLDINGS INC. and                :
ADVANCED ARCH GRILLEWORKS, INC.,     :
                  :    Civil Action No. 2;21-cv-02786

            Plaintiffs,   :

    v.                 :

DAYUS REGISTER & GRILLE INC.,      :
                  :

            Defendant.   :
--------------------------------------------------------------------x

## COMPLAINT AND JURY DEMAND

Plaintiffs INV Holdings Inc. ("INV") and Advanced Arch Grilleworks, Inc. ("AAG") (collectively "Plaintiffs"), by and through their undersigned counsel, as and for their Complaint against Defendant Dayus Register & Grille Inc. ("DRG") hereby alleges upon personal knowledge as to themselves and their own acts, and upon information and belief with respect to all other allegations, as follows:

## NATURE OF ACTION

1.     This is an action for patent infringement arising under 35 U.S.C. § 271(a); trademark infringement arising under 15 U.S.C. § 1114(1) and § 1125(a); and trademark infringement and unfair competition arising under the common law of the State of New York.

2.     Plaintiffs bring this action to protect their rights and investments in and to the inventions embodied in U.S. Patent No. 9,765,988 ("the '988 patent") and U.S. Patent No. 10,871,305 ("the '305 patent"). DRG has directly infringed and continues to directly infringe claims 1-4, 7 and 9-23 of the '988 patent and claims 1-4, 8-11 and 14-16 of the '305 patent by offering to sell and selling within the United States, and importing and shipping into the United

States, its Bar Linear J-Bead Flange Grille having Model No. DABLJ and Bar Linear J-Bead

Flange Removable Core Grille having Model No. DABLRJ (collectively "J-BEAD Grilles"),

which literally contain each and every element of those claims.  DRG has willfully infringed the

'988 and '305 patents and continues to do so.

   3.  Plaintiffs bring this action to protect their rights and investments in INV's

federally registered PLASTER J-BEAD trademark having U.S. Registration No. 5132735 ("the

'735 Registration") and INV's common law rights to the mark.  DRG has willfully infringed and

continues to willfully infringe INV's trademark by using the nearly identical and confusingly

similar J-BEAD mark in interstate commerce in the United States, including in New York and

this District, to advertise, distribute, offer to sell and sell its infringing J-BEAD Grilles.

   4.  DRG's wrongful conduct has caused and is causing Plaintiffs to suffer economic

damages and irreparable harm.  Plaintiffs seek monetary damages for DRG's patent and

trademark infringement and unfair competition, and preliminarily and permanent injunctive

relief enjoining DRG from committing further acts of patent and trademark infringement and

unfair competition.

## **THE PARTIES**

   5.  INV is a New York corporation with its principal place of business at 149 Denton

Avenue, New Hyde Park, New York 11040.  INV is the owner of the '988 and '305 patents and

PLASTER J-BEAD trademark.

   6.  AAG is a New York corporation with its principal place of business at 149

Denton Avenue, New Hyde Park, New York 11040.  AAG is INV's exclusive licensee of the

'988 and '305 patents and the PLASTER J-BEAD trademark.

7.      DRG is a Canadian corporation with its principal place of business at 5290 Pulleyblank Street, R.R. #1, Windsor, Ontario, Canada N9A 6J3 and is in the business of making and selling, inter alia, architectural grilles, including its J-BEAD Grilles having Model Nos. DABLJ and DABLRG.  DRG advertises, offers to sell, distributes and sells within the United States, and imports and ships into the United States, its J-BEAD Grilles directly and through and/or in conjunction with contractors, installers, distributors, agents, representatives and/or other persons or companies located in the United States, including in New York and this District.

## JURISDICTION AND VENUE

8.      This is an action for infringement of a United States patent over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and for infringement of a United States trademark over which this Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental jurisdiction over Plaintiffs' pendent state and common law claims pursuant to 28 U.S.C. §§ 1367 and 1338(b) in that those claims are integrally interrelated with their substantial and related federal claims and arise from a common nucleus of operative facts such that the administration of Plaintiffs' state and common law claims with their federal claims furthers the interest of judicial economy.

9.      This Court has personal jurisdiction over DRG because it has committed acts of patent infringement, trademark infringement and unfair competition in New York and this District; it regularly conducts and solicits business in New York and this District; and it has derived revenue from the sale of its infringing J-BEAD Grilles to persons, companies and other entities located in New York and this District, and continues to do so.

10.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(c).

3

## FACTUAL BACKGROUND

### INV's United States Patent No. 9,765,988

11.     On September 19, 2017, the '988 patent entitled "Dry Wall Extrusion Grille" was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Lynne Bruhnke and Daniel Roeper as inventors and Oemetrix, LLC ("OEM") as assignee.  The '988 patent issued from application Serial No. 13/999,038 ("the '038 application") filed on January 6, 2014 and published as Publication No. 2015-0192320 A1 on July 9, 2015.  The inventions of the '988 patent are generally directed to a one piece dry wall extrusion grille.  A true and correct copy of the '988 patent is attached hereto as **Exhibit A**.

12.     INV is the sole and legal owner of the entire right, title and interest in and to the '988 patent, including the exclusive right to sue for patent infringement and recover past, present and future damages, by virtue of an assignment from OEM.

13.     AAG has been engaged in the business of making and selling architectural grilles and metal work products for over seventy-five years.  AAG is INV's exclusive licensee for the '988 patent and since around December 2013, has used the PLASTER J-BEAD trademark to advertise, offer to sell and sell its grilles embodying the inventions of the '988 patent ("Plaster J-Bead Grilles"), including on its website, in mailings and trade magazines, and at trade shows.

14.     Since the issuance of the '988 patent, AAG's Plaster J-Bead Grilles have been duly marked with U.S. Patent No. 9,765,988, including by affixing thereon the word "patent" together with patent number 9,765,988, as well as displaying Patent No. 9,765,988 in association with its linear bar grilles, in materials on its website, on price quotes to potential customers, and on its engineering drawings, pack lists and invoices sent along with its grilles to purchasers.

15.     Prior to the issuance of the '988 patent, AAG's Plaster J-Bead Grilles were duly marked with "patent pending", including "patent pending" markings and disclosures associated with its grilles in materials on its website and on its product packing lists and invoices.

**INV's United States Patent No. 10,871,305**

16.     On December 22, 2020, the '305 patent entitled "Dry Wall Extrusion Grille" was duly and legally issued by the USPTO to inventors Lynne Bruhnke and Daniel Roeper.  The '305 patent issued from application Serial No. 15/476,855 ("the '855 application") filed on March 31, 2017 and published as Publication No. US-2017-0205110 A1 on July 20, 2017.  The inventions of the '305 patent are generally directed to a one piece dry wall extrusion grille and the '305 patent is a continuation in part of the '038 application.  A true and correct copy of the '305 patent is attached hereto as **Exhibit B**.

17.     INV is the sole and legal owner of the entire right, title and interest in and to the '305 patent, including the exclusive right to sue for patent infringement and recover past, present and future damages, by virtue of an assignment from the inventors of the '305 patent.

18.     AAG is INV's exclusive licensee of the '305 patent and its Plaster J-Bead Grilles embody the inventions claimed in the '305 patent.

19.     Since the issuance of the '305 patent, AAG's Plaster J-Bead Grilles have been duly marked with U.S. Patent No. 10,871,305, including by affixing thereon the word "patent" together with the patent number 10,871,305, as well as displaying Patent No. 10,871,305 in association with its grilles, in materials on its website, on price quotes to potential customers, and on its engineering drawings, pack lists and invoices sent along with its grilles to purchasers.

## INV's PLASTER J-BEAD Trademark

20.     On January 31, 2017, the USPTO issued the '735 Registration for the PLASTER

J-BEAD mark for use on or in connection with a "metal frame used for metal linear bar grilles"

in International Class 6.  The '735 Registration is based on AAG's use of the mark in interstate

commerce throughout the United States on or in connection with advertising, offering to sell,

distributing and selling its Plaster J-Bead Grilles since at least as early as December 2, 2013.

AAG's use of the trademark has been valid and continuous since that time and has not been

abandoned.  A true and correct copy of the '735 Registration is attached hereto as **Exhibit C**.

21.     INV is the sole and legal owner of the entire right, title and interest in and to the

PLASTER J-BEAD mark, including the goodwill in the mark and the right to sue for trademark

infringement and past, present and future damages, by virtue of an assignment from AAG.

22.     Since at least as early as December 2, 2013, AAG has continuously engaged in

extensive nationwide use of the PLASTER J-BEAD trademark to advertise, distribute, offer to

sell and sell its linear bar grilles in interstate commerce throughout the United States and

invested substantial time and money to do so.  By virtue thereof, the trademark has achieved

widespread and favorable public recognition and has become associated by consumers as a mark

used exclusively by AAG and as signifying grilles of the highest quality originating from AAG.

23.     Plaintiffs have substantial goodwill in the PLASTER J-BEAD trademark, which

is an asset of tremendous value, and they had and have the right to obtain the full benefit of the

valuable goodwill inherent in use of the trademark to advertise, offer to sell, distribute and sell

AAG's linear bar grilles.

24.     INV owns and has valid common law rights in the PLASTER J-BEAD trademark

by virtue of AAG's long and continuous use of the trademark in interstate commerce throughout

the United States to advertise, distribute, offer to sell and sell its linear bar grilles since at least as early as December 2, 2013.

25.     INV is entitled to control all use of the PLASTER J-BEAD trademark and confusingly similar marks used on or in connection with advertising, offering to sell, distributing and selling linear bar grilles and related products in the United States.

26.     Plaintiffs have taken reasonable and substantial steps to protect the value and exclusivity of the PLASTER J-BEAD trademark, including giving notice of ownership of the trademark.

### DRG's Infringement of the '988 and '305 Patents and PLASTER J-BEAD Trademark

27.     DRG and AAG are direct competitors in the architectural grille market.

28.     DRG has directly and willfully infringed and continues to directly and willfully infringe claims 1-4, 7 and 9-23 of the '988 patent and claims 1-4, 8-11 and 14-16 of the '305 by offering to sell and selling within the United States, including in New York and this District, and importing and shipping into the United States, including into New York and this District, its infringing J-BEAD Grilles, which literally contain each and every element of those claims.

29.     DRG advertises, offers to sell and sells within the United States its J-BEAD Grilles to end users, contractors, HVAC companies and contractors, installers, distributors, agents, representatives and/or other persons or companies, including on and through its website www.dayus.com and on and through an industry web site and/or in conjunction with contractors, installers, distributors, agents, representatives and/or other persons or companies located in the United States.

30.     DRG has willfully and in bad faith offered to sell and sold within the United States, and imported and shipped into the United States, its J-BEAD Grilles with actual knowledge the '988 and '305 patents issued and its grilles infringe the claims of those patents.

31.     DRG had constructive notice of the inventions claimed in the '988 patent by virtue of Publication No. 2015-0192320 A1 published on July 9, 2015; the inventions claimed in the '305 patent by virtue of Publication No. US- 2017-0205110 A1 published on July 20, 2017; and the inventions claimed in the '988 and '305 patents by virtue of the patent pending markings and disclosures associated with AAG's Plaster J-Bead Grilles, including on AAG's website and its advertisement and promotion of its grilles at trade shows and in trade magazines and mailings.

32.     DRG had actual knowledge of AAG's Plaster J-BEAD Grilles prior to the issuance of the '988 and '305 patents and intentionally and in bad faith copied AAG's linear bar grilles to unfairly compete against AAG and misappropriate the skill, expenditures and labor of Plaintiffs and improperly capitalize on, trade off and benefit from the hard-earned goodwill and reputation established for AAG's linear bar grilles, thereby diverting sales and revenue from Plaintiffs to DRG and resulting in ill-gotten gains, revenue and profits to DRG.

33.     Subsequent to and long after AAG's use of the PLASTER J-BEAD trademark to advertise, distribute, offer to sell and sell its linear bar grilles, DRG intentionally in bad faith and with actual knowledge of AAG's use of that trademark to sell its Plaster J-Bead Grilles, DRG began using and prominently displaying the nearly identical and confusingly similar J-BEAD mark to advertise, offer for sale, distribute and sell its copied and infringing J-BEAD linear bar grilles in interstate commerce throughout the United States, including on its website.

8

34.     DRG uses the J-BEAD mark on or in connection with the same type of linear bar grilles sold by AAG under the PLASTER J-BEAD trademark, in the same channels of trade as AAG, and to the same classes of prospective purchasers as AAG.

35.     DRG's use of the J-BEAD mark on or in connection with its infringing linear bar grilles has caused, is causing and/or is likely to cause confusion, mistake or deception in the minds of consumers with INV's PLASTER J-BEAD trademark as to the origin, identity or source of DRG's linear bar grilles and/or as to DRG's linear bar grilles being sponsored, authorized, approved or endorsed by, or affiliated or associated with, Plaintiffs.

36.     The consumer confusion, mistake or deception from DRG's use of the J-BEAD mark on or in connection with its infringing J-BEAD linear bar grilles has resulted in, will continue to result and/or is likely to result in loss of sales and revenue to Plaintiffs, and damage to the tremendous goodwill and reputation in the PLASTER J-BEAD trademark.

37.     DRG's unlawful conduct has deprived Plaintiffs of the ability to control consumer perception of AAG's linear bar grilles sold under the PLASTER J-BEAD trademark, placing the valuable goodwill in the mark in the hands of DRG.  Deficiencies or faults in the quality of DRG's copied and infringing J-BEAD Grilles has reflected and/or is likely to reflect negatively upon, tarnish and/or seriously injure the goodwill and reputation established for AAG's linear bar grilles sold under the PLASTER J-BEAD trademark.

38.     All of DRG's aforesaid activities have been without the authority, permission or consent of INV or a license from INV.

## COUNT I
### Infringement of U.S. Patent No. 9,765,988

39.     Plaintiffs reallege and incorporate each and every allegation contained in the

paragraphs above with the same force and effect as if the allegations were fully set forth herein.

40.     DRG has directly and willfully infringed and continues to directly and willfully

infringe claims 1-4, 7 and 9-23 of the '988 patent under 35 U.S.C. § 271(a) by offering to sell

and selling within the United States, and importing and shipping into the United States, its J-

BEAD Grilles, which literally contain each and every element of all those patent claims.

41.     Claim 1 of the '988 patent recites:

> 1. A dry wall extrusion grille comprising:
> a frame,
> a linear bar grille located in said frame comprised of vanes and cross members
> that direct a flow of air,
> pre-perforated through holes,
> indented slots, and
> a flexible mounting flange located between a top and bottom edge of the frame
> and extending outwardly from said frame;
> said indented slots defined as small recesses in said flexible mounting flange that
> receive plaster, joint compound or mud, said pre-perforated through holes located
> in the flexible mounting flange. [**Exhibit A** at Claim 1].

42.     DRG's J-BEAD Grilles literally contain each and every element of claim 1 of the

'988 patent.  DRG's J-BEAD Grilles are dry wall extrusion grilles having a frame; a linear bar

grille located in the frame comprised of vanes and cross members that direct a flow of air; and a

flexible mounting flange located between a top and bottom edge of the frame and extending

outwardly from the frame.  The flexible mounting flange of DRG's J-BEAD Grilles has pre-

perforated through holes and indented slots to receive plaster, joint compound or mud.  See

**Exhibit D** attached hereto, a true and accurate copy of DRG's Submittal Drawing posted on its

website depicting its Bar Linear J-BEAD Flange Grille having Model No. DABLJ; **Exhibit E**

attached hereto, a true and accurate copy of DRG's Submittal Drawing posted on its website depicting its Bar Linear J-BEAD Flange Removable Core Grille having Model No. DABLRJ.

43.     Claim 2 of the '988 patent recites the "flexible mounting flange is fastened to a wall or ceiling with said pre-perforated through holes." **Exhibit A** at Claim 2.  DRG's J-BEAD Grilles have a flexible mounting flange that is fastened to a wall or ceiling by way of pre-perforated through holes.  See **Exhibits D and E** (depictions at page 1; Mounting Option A "Screws" at page 3, stating "[c]olor matched screws with countersunk screw holes" for ceiling and wall installation).

44.     Claim 3 of the '988 patent recites sheet rock screws.  **Exhibit A** at Claim 3. DRG's J-BEAD Grilles are sold with sheet rock screws.  See **Exhibits D and E** (depictions of Mounting Option A "Screws" at page 3, further stating "[c]olor matched screws with countersunk screw holes").

45.     Claim 4 of the '988 patent recites the "frame is installed with said sheet rock screw before plaster or a joint compound is applied." **Exhibit  A** at Claim 4.  The frame of DRG's J-BEAD Grilles is installed with sheet rock screws before plaster or joint compound is applied.  See **Exhibits D and E** (depictions and statements at page 1 "J-Bead recessed flange frame must be taped & plastered over" and "Plaster finishing is the responsibility of the installer"; depictions of Mounting Option A "Screws" at page 3, further stating "[c]olor matched screws with countersunk screw holes").

46.     Claim 7 of the '988 patent recites the "pre-perforated mounting through holes provide multiple mounting options to address multiple field conditions." **Exhibit A** at Claim 7. DRG's J-BEAD Grilles contain pre-perforated mounting through holes to provide multiple mounting options to address multiple field conditions.  See **Exhibits D and E** (depictions and

statements at page 1 "Taper drywall as required" and "Plaster finishing is the responsibility of the installer").

47.     Claim 9 of the '988 patent recites the extrusion grille has multiple, pre-punched mounting holes "for fastening in a wide range of wall conditions and materials." **Exhibit A** at Claim 9.  The extrusion grille of DRG's J-BEAD Grilles has multiple, pre-punched mounting holes for fastening in a wide range of wall conditions and materials.  See **Exhibits D and E** (depictions and statements at page 1 "Taper drywall as required" and "Plaster finishing is the responsibility of the installer").

48.     Claim 10 of the '988 patent recites the extrusion grille has multiple, pre-punched mounting holes "for attachment to underlying studs (support beams)." **Exhibit A** at Claim 10. The extrusion grille of DRG's J-BEAD Grilles has multiple, pre-punched mounting holes for attachment to underlying studs (support beams).  See **Exhibits D and E** (depictions at page 1).

49.     Claim 11 of the '988 patent recites the extrusion grille has "pre-punched holes accurately sized for standard wall board/sheet rock screws so no special hardware or tools are required." **Exhibit A** at Claim 11.  The extrusion grilles of DRG's J-BEAD Grilles have pre-punched holes accurately sized for standard wall board/sheet rock screws such that no special hardware or tools are required.  See **Exhibits D and E** (depictions at page 1; depictions at Mounting Option A "Screws" at page 3, further stating "[c]olor matched screws with countersunk screw holes" suitable for ceiling and wall installation).

50.     Claim 12 of the '988 patent recites the "flexible mounting flange fastens said extrusion grille to uneven wall surfaces." **Exhibit A** at Claim 12.  The flexible mounting flange of DRG's J-BEAD Grilles fastens the extrusion grille to uneven wall surfaces. See **Exhibits D**

and E (depictions and statements at page 1 "Taper drywall as required" and "Plaster finishing is the responsibility of the installer").

51.     Claim 13 of the '988 patent recites the inside of the "frame extends about 3/4" deep into opening so that said extrusion grille is installed in a wall board or plaster ranging from about 1/4" thru about 3/4" thick." **Exhibit A** at Claim 13.  The inside of the frame of DRG's J-BEAD Grilles extends about 3/4" deep into opening so that the grille is installed in a wall board or plaster ranging from about 1/4" thru about 3/4" thick.

52.     Claim 14 of the '988 patent recites the "extrusion grille allows an installer to cut a rough hole in a wall and slip said extrusion grille frame into said hole." **Exhibit A** at Claim 14. The extrusion grille of DRG's J-BEAD Grilles allows an installer to cut a rough hole in a wall to slip the frame into the hole.  See **Exhibits D and E** (depictions and statements at page 1 "taper drywall as needed"; "fully extruded aluminum construction for a stylish built-in look"; "improved design allows for true flangless [sic] look and easier installation"; and "invisible lip design allows for a true frameless look and easier installation").

53.     Claim 15 of the '988 patent recites "no routing or recessed cut is necessary." **Exhibit A** at Claim 15.  No routing or recessed cut is necessary to install DRG's J-BEAD Grilles.  See **Exhibits D and E** (depictions and statements at page 1 "taper drywall as needed"; "fully extruded aluminum construction for a stylish built-in look"; "improved design allows for true flangless [sic] look and easier installation"; and "invisible lip design allows for a true frameless look and easier installation").

54.     Claim 16 of the '988 patent recites "there is no blocking or added wood necessary for attachment to wall." **Exhibit A** at Claim 16.  No blocking or added wood is needed to attach DRG's J-BEAD Grilles to a wall.  See **Exhibits D and E** (depictions and statements at page 1

"taper drywall as needed"; "fully extruded aluminum construction for a stylish built-in look"; "improved design allows for true flangless [sic] look and easier installation"; and "invisible lip design allows for a true frameless look and easier installation").

55.     Claim 17 of the '988 patent recites the "grille is comprised of aluminum material." **Exhibit A** at Claim 17. DRG's J-BEAD Grilles are made of aluminum. See **Exhibits D and E** (statements at page 1: "Material Aluminum" and "Fully extruded aluminum construction").

56.     Claim 18 of the '988 patent recites the "extrusion grille is used with a fixed core, a core welded directly to said frame or removable core for access to controls or filtration behind said grille." **Exhibit A** at Claim 18. DRG advertises and sells J-BEAD Grilles having a fixed core (**Exhibit D**, depiction of Model No. DABLJ) and a removable core (**Exhibit E**, depiction of Model No. DABLRJ and statement at page 1 "removable core held in place with clips").

57.     Claim 19 of the '988 patent recites the "grille is mounted, so that said entire frame and grille are flush to a wall providing a seamless installation." **Exhibit A** at Claim 19. The mounting of DRG's J-BEAD Grilles is such that the entire frame and grille are flush to a wall providing a seamless installation. See **Exhibits D and E** (depictions and statements at page 1 "fully extruded aluminum construction for a stylish built-in look"; "improved design allows for true flangless [sic] look and easier installation"; and "invisible lip design allows for a true frameless look and easier installation").

58.     Claim 20 of the '988 patent recites the "grille is mounted in only one way, so that it cannot be installed backward." **Exhibit A** at Claim 20. DRG's J-BEAD Grilles can only be mounted in one way. See **Exhibits D and E** (depictions).

59.     Claim 21 of the '988 patent recites the "grille has a special angled edge that provides a step for a standard spackle knife to rest when a plaster or joint compound is being

applied." **Exhibit A** at Claim 21.  DRG's J-BEAD Grilles have a special angled edge providing

a step for a spackle knife to rest when a plaster or joint compound is being applied.  See **Exhibits**

**D and E** (depictions).

60.     Claim 22 of the '988 patent recites the "grille has a special angled edge that

provides a crisp, clean line set up for application of final skim coat of plaster." **Exhibit A** at

Claim 22.  DRG's J-BEAD Grilles have a special angled edge that provides a crisp, clean line set

up for application of final skim coat of plaster.  See **Exhibits D and E** (depictions and statements

at page 1 "J-Bead recessed flange frame must be taped and plastered over"; "improved design

allows for true flangless [sic] look and easier installation"; "fully extruded aluminum

construction for a stylish built-in look" and "invisible lip design allows for a true frameless look

and easier installation").

61.     Claim 23 of the '988 patent recites the "extrusion grille is flush mounted to a wall

without requiring a stud." **Exhibit A** at Claim 23.  DRG's J-BEAD Grilles are flush mounted to

a wall without requiring a stud.  See **Exhibits D and E** (depictions and statements at page 1 "J-

Bead recessed flange frame must be taped and plastered over"; "improved design allows for true

flangless [sic] look and easier installation"; "invisible lip design allows for a true frameless look

and easier installation" and "fully extruded aluminum construction for a stylish built-in look").

62.     DRG has willfully and intentionally used, offered to sell, distributed and sold

within the United States, and imported and shipped into the United States, its J-BEAD Grilles

with actual knowledge the '988 patent issued and its grilles infringe the '988 patent claims.

63.     As a direct and proximate consequence of DRG's willful infringement of the '988

patent, Plaintiffs have suffered and will continue to suffer monetary damages for which they are

entitled to recover damages from DRG adequate to compensate for such infringement, in an amount to be determined at trial, together with interest and costs pursuant to 35 U.S.C. § 284.

64.     DRG's acts set forth herein constitute willful and deliberate infringement of the '988 patent, entitling Plaintiffs to enhanced and treble damages under 35 U.S.C. § 284 and to reasonable attorney fees under 35 U.S.C. § 285.

65.     As a direct and proximate consequence of its infringement of the '988 patent, DRG has caused, is causing and, unless such acts are enjoined by the Court, will continue to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law and for which they are entitled to preliminary and permanent injunctive relief under 35 U.S.C. § 283.

**COUNT II**
**Infringement of U.S. Patent No. 10,871,305**

66.     Plaintiffs reallege and incorporate each and every allegation contained in the paragraphs above with the same force and effect as if the allegations were fully set forth herein.

67.     DRG has directly and willfully infringed and continues to directly and willfully infringe claims 1-4, 8-11 and 14-16 of the '305 patent under 35 U.S.C. § 271(a) by offering to sell, distributing and selling within the United States, and importing and shipping into the United States, its J-BEAD Grilles, which literally contain each and every element of those claims.

68.     Claim 1 of the '305 patent recites:

> 1. A dry wall extrusion grille comprising:
> a frame;
> a linear bar grille located in said frame comprised of vanes and cross members that direct a flow of air;
> indented slots;
> through holes;
> a flexible mounting flange located between a top and bottom edge of the frame extending outwardly from said frame;
> said indented slots defined as small recesses in said flexible mounting flange that receive plaster, joint compound or mud;

wherein said extrusion grille is used with a fixed core, a core welded directly to said frame, or removable core.  **[Exhibit B** at Claim 1].

69.     DRG's J-BEAD Grilles literally contain each and every element of claim 1 of the '305 patent.  DRG's J-BEAD Grilles are dry wall extrusion grilles having a frame; a linear bar grille located in the frame comprised of vanes and cross members that direct a flow of air; indented slots to receive plaster, joint compound or mud; through holes; and a flexible mounting flange located between a top and bottom edge of the frame extending outwardly from said frame.  See **Exhibits D and E** (depictions).  DRG offers to sell and sells J-BEAD Grilles having a fixed core (**Exhibit D**, depiction of Model No. DABLJ) and a removable core (**Exhibit E**, depiction of Model No. DABLRJ and statement at page 1 "removable core held in place with clips").

70.     Claim 2 of the '305 patent recites the "flexible mounting flange is fastened to a wall or ceiling with said through holes being pre-perforated."  **Exhibit B** at Claim 2.  The flexible mounting flange of DRG's J-BEAD Grilles is fastened to a wall or ceiling with the through holes being pre-perforated.  See **Exhibits D and E** (depictions at page 1; Mounting Option A "Screws" at page 3 "[c]olor matched screws with countersunk screw holes" for ceiling and wall installation).

71.     Claim 3 of the '305 patent recites sheet rock screws.  **Exhibit B** at Claim 3.  DRG's J-BEAD Grilles are sold with sheet rock screws.  See **Exhibits D and E** (depictions of Mounting Option A "Screws" at page 3, further stating "[c]olor matched screws with countersunk screw holes").

72.     Claim 4 of the '305 patent recites the frame is installed with dry wall screws before plaster or a joint compound is applied.  **Exhibit B** at Claim 4.  The frame of DRG's J-BEAD Grilles is installed with dry wall screws before plaster or joint compound is applied.  See **Exhibits D and E** (depictions and statements at page 1 "J-Bead recessed flange frame must be

taped & plastered over" and "Plaster finishing is the responsibility of the installer"; depictions of Mounting Option A "Screws" at page 3, further stating "[c]olor matched screws with countersunk screw holes").

73.    Claim 8 of the '305 patent recites "an inside of said extrusion grille frame extends about 3/4" deep into opening so that said extrusion grille is installed in a wall board or plaster ranging from about 1/4" thru about 3/4" thick." **Exhibit B** at Claim 8.  The inside of the frame of DRG's J-BEAD Grilles extends about 3/4" deep into opening so that the grille is installed in a wall board or plaster ranging from about 1/4" thru about 3/4" thick.

74.    Claim 9 of the '305 patent recites the "extrusion grille is mounted, so that said entire frame and grille are flush to a wall providing a seamless installation." **Exhibit B** at Claim 9.  The mounting of DRG's J-BEAD Grilles is such that the entire frame and grille are flush to a wall providing a seamless installation.  See **Exhibits D and E** (depictions and statements at page 1 "fully extruded aluminum construction for a stylish built-in look"; "improved design allows for true flangless [sic] look and easier installation" and "invisible lip design allows for a true frameless look and easier installation").

75.    Independent claim 10 of the '305 patent recites:

A dry wall extrusion grille comprising:
a frame;
a linear bar grille located in said frame comprised of vanes and cross members that direct a flow of air;
through holes located in a flexible mounting flange;
indented slots;
said flexible mounting flange located between a top and bottom edge of the frame extending outwardly from said frame;
said indented slots defined as small recesses in said flexible mounting flange that receive plaster, joint compound or mud;
said frame being extended to at least 3/4".  [**Exhibit B** at Claim 10].

76.    DRG's J-BEAD Grilles literally contain each and every element of claim 10 of the '305 patent.  DRG's J-BEAD Grilles are dry wall extrusion grilles having a frame; a linear bar grille located in the frame comprised of vanes and cross members that direct a flow of air; through holes located in a flexible mounting flange; indented slots to receive plaster, joint compound or mud; a flexible mounting flange located between a top and bottom edge of the frame extending outwardly from the frame; and the frame being extended to at least 3/4". See **Exhibits D and E** (depictions).

77.    Independent claim 11 of the '305 patent recites:

A dry wall extrusion grille comprising:
a frame;
a linear bar grille located in said frame comprised of vanes and cross members that direct a flow of air;
through holes located in a flexible mounting flange;
indented slots;
said flexible mounting flange located between a top and bottom edge of the frame extending outwardly from said frame;
said indented slots defined as small recesses in said flexible mounting flange that receive plaster, joint compound or mud;
mounting strips attached to a bottom of said frame.  **[Exhibit B** at Claim 11].

78.    DRG's J-BEAD Grilles literally contain each and every element of claim 11 of the '305 patent.  DRG's J-BEAD Grilles are dry wall extrusion grilles having a frame; a linear bar grille located in the frame comprised of vanes and cross members that direct a flow of air; through holes located in a flexible mounting flange; indented slots to receive plaster, joint compound or mud; a flexible mounting flange located between a top and bottom edge of the frame extending outwardly from the frame; and mounting strips attached to a bottom of the frame.  See **Exhibits D and E** (depictions).

79.    Claim 14 of the '305 patent recites "an attachment device for attaching said linear bar grille to said frame."  **Exhibit B** at Claim 14.  DRG's J-BEAD Grilles have an attachment

device for attaching the linear bar grille to the frame. See **Exhibit E** (depiction and statement "removable core held in places with clips" at page 1; Mounting Option B "Spring Clips", stating "Clips behind the flange keep grille snug in opening" at page 3).

80. Claim 15 of the '305 patent recites the "attachment device includes mechanical fasteners, threaded inserts in said mounting strips to be used with mechanical fasteners, or a projection on the frame or said mounting strips for use with spring steel clips." **Exhibit B** at Claim 15. DRG's J-BEAD Grilles have an attachment device that includes mounting strips for use with spring steel clips. See **Exhibit E** (depiction and statement "removable core held in places with clips" at page 1; Mounting Option B "Spring Clips", stating "Clips behind the flange keep grille snug in opening" at page 3).

81. Claim 16 of the '305 patent recites the extrusion grille has angled edges to capture plaster or joint compound. **Exhibit B** at Claim 16. DRG's J-BEAD Grilles have angled edges to capture plaster or joint compound. See **Exhibits D and E** (depictions at page 1).

82. DRG has willfully and intentionally used, offered to sell, distributed and sold within the United States, and imported and shipped into the United States, its J-BEAD Grilles with actual knowledge the '305 patent issued and its grilles infringe the '305 patent claims.

83. As a direct and proximate consequence of DRG's willful infringement of the '305 patent, Plaintiffs have suffered and will continue to suffer monetary damages for which they are entitled to recover damages from DRG adequate to compensate for such infringement, in an amount to be determined at trial, together with interest and costs pursuant to 35 U.S.C. § 284.

84. DRG's acts set forth herein constitute willful and deliberate infringement of the '305 patent, entitling Plaintiffs to enhanced and treble damages under 35 U.S.C. § 284 and to reasonable attorney fees under 35 U.S.C. § 285.

85.     As a direct and proximate consequence of its infringement of the '305 patent, DRG has caused, is causing and, unless such acts are enjoined by the Court, will continue to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law and for which they are entitled to preliminary and permanent injunctive relief under 35 U.S.C. § 283.

## Count III
### Trademark Infringement of PLASTER J-BEAD
### Trademark in Violation of 15 U.S.C. § 1114(1)

86.     Plaintiffs reallege and incorporate each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

87.     INV owns the '735 Registration for the trademark PLASTER J-BEAD registered on January 31, 2017 for use on or in connection with a "metal frame used for metal linear bar grilles" in International Class 6. The '735 Registration is based on AAG's use of the PLASTER J-BEAD trademark in interstate commerce throughout the United States to advertise, offer to sell, distribute and sell its linear bar grilles since at least as early as December 2, 2013. AAG's use of the trademark has been valid and continuous since that time and has not been abandoned.

88.     Since at least as early as December 2, 2013, AAG has continuously engaged in extensive nationwide use of the PLASTER J-BEAD trademark in commerce throughout the United States to advertise, offer to sell, distribute and sell its linear bar grilles and invested a substantial amount of time and money to do so. By virtue thereof, the trademark has had significant public exposure, has achieved widespread and favorable public recognition as a trademark exclusively identified with AAG and its linear bar grilles and designates grilles offered for sale and sold with the trademark as grilles of the highest quality originating with AAG.

89.     Plaintiffs have substantial goodwill in the PLASTER J-BEAD trademark, which is an asset of tremendous value, and they had and have the right to obtain the full benefit of the valuable goodwill inherent in use of the trademark to advertise, offer to sell, distribute and sell AAG's linear bar grilles.

90.     Subsequent to and long after AAG's use of the PLASTER J-BEAD trademark, DRG began using the nearly identical and confusingly similar J-BEAD mark to advertise, distribute, offer to sell and sell its linear bar grilles in interstate commerce throughout the United States, including in New York and this District, which has caused, is causing and/or is likely to cause confusion and mistake in the minds of consumers and/or to deceive consumers as the origin, identity or source of DRG's linear bar grilles with AAG's Plaster J-Bead Grilles and DRG's grilles being sponsored, authorized, approved or endorsed by, or affiliated, connected or associated with, Plaintiffs.

91.     DRG uses the J-BEAD mark on or in connection with the same type of linear bar grilles distributed, offered for sale and sold by AAG under the PLASTER J-BEAD trademark, in the same channels of trade as AAG, and directed and offered to the same prospective purchasers and consumers as AAG. By virtue thereof, DRG has willfully and in bad faith interfered with Plaintiffs' commercial interests and their ability to conduct their business.

92.     DRG's aforesaid wrongful conduct has deprived Plaintiffs of the ability to control consumer perception of the PLASTER J-BEAD trademark, placing the valuable goodwill in that trademark in the hands of DRG. Deficiencies or faults in the quality of DRG's J-BEAD Grilles is likely to reflect negatively upon, tarnish or seriously injure the goodwill and reputation established for AAG's linear bar grilles sold under the PLASTER J-BEAD trademark.

93.     The consumer confusion, mistake or deception from DRG's use of the J-BEAD

mark to advertise, distribute, offer to sell and sell its infringing and copied linear bar grilles has

resulted in and will continue to result in DRG capitalizing on, trading off and benefiting from the

hard-earned and long-standing goodwill and reputation established for the PLASTER J-BEAD

trademark and the labor, skill and expenditures of Plaintiffs, as well as loss of sales and revenue

to Plaintiffs by diverting sales from AAG to DRG, resulting in ill-gotten gains, revenue and

profits to DRG to which it is not entitled.

94.     DRG has never had any right, authorization, consent or license from INV to use

the mark J-BEAD to advertise, offer for sale, distribute or sell its infringing linear bar grilles.

95.     DRG's use of the J-BEAD mark to advertise, offer to sell, distribute and sell its

infringing grilles violates INV's federally registered rights in its PLASTER J-BEAD trademark

and constitutes trademark infringement in violation of 15 U.S.C. § 1114(1).

96.     DRG's infringement have been willful, wanton, and in deliberate disregard of

INV's federally registered PLASTER J-BEAD trademark.  The knowing and intentional nature

of DRG's acts renders this an exceptional case under 15 U.S.C. § 1117(a).

97.     As a result of the foregoing, pursuant to 15 U.S.C. § 1117(a), Plaintiffs are

entitled to recover from DRG damages adequate to compensate for such infringement in an

amount to be determined at trial and treble damages, together with interest, costs and reasonable

attorney fees.

98.     DRG's use of the J-BEAD mark on or in connection with advertising, offering to

sell, distributing and selling its infringing linear bar grilles has caused, is causing and, unless

such acts are enjoined by the Court, will continue to cause great and irreparable harm to

Plaintiffs, including the continuing loss of the goodwill established in the PLASTER J-BEAD

trademark. This continuing loss of goodwill cannot be properly calculated, and thus constitutes irreparable harm and an injury for which Plaintiffs have no adequate remedy at law and for which they are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a), enjoining DRG from committing further acts of trademark infringement.

**Count IV**
**Trademark Infringement of PLASTER J-BEAD**
**Trademark in Violation of 15 U.S.C. § 1125(a)**

99.     Plaintiffs reallege and incorporate each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

100.    Since at least as early as December 2, 2013, AAG has continuously and extensively used the PLASTER J-BEAD trademark in interstate commerce throughout the United States on or in connection with advertising, offering for sale, distributing and selling its linear bar grilles and invested substantial time and money to do so. By virtue thereof, the trademark has had significant public exposure, has achieved widespread and favorable public recognition as a trademark exclusively identified with AAG and its linear bar grilles and designates linear bar grilles advertised, offered for sale and sold under the trademark as goods of the highest quality originating with AAG.

101.    Plaintiffs have substantial goodwill in the PLASTER J-BEAD trademark, which is an asset of tremendous value, and they had and have the right to obtain the full benefit of the valuable goodwill inherent in use of the trademark to advertise and sell AAG's linear bar grilles.

102.    By virtue of AAG's long and continuous use of the PLASTER J-BEAD trademark in interstate commerce in the United States to advertise, distribute, offer to sell and sell its linear bar grilles since around December 2, 2013, INV owns common law rights in the

trademark, and has valid and enforceable rights thereto under the common law and 15 U.S.C. §
1125(a).

103.    Subsequent to and long after AAG's adoption and use of the PLASTER J-BEAD
trademark to advertise, offer to sell, distribute and sell its linear bar grilles, DRG knowingly,
intentionally and in bad faith began using the nearly identical and confusingly similar J-BEAD
mark to advertise, distribute, offer to sell and sell its infringing and copied linear bar grilles in
interstate commerce throughout the United States, which has caused, is causing and/or is likely
to cause confusion and mistake in the minds of consumers and/or to deceive consumers as the
origin, identity or source of DRG's linear bar grilles with AAG's Plaster J-Bead Grilles and
DRG's grilles being sponsored, authorized, approved or endorsed by, or affiliated, connected or
associated with, Plaintiffs.

104.    DRG uses the J-BEAD mark on or in connection with the same type of linear bar
grilles distributed, offered for sale and sold by AAG under the PLASTER J-BEAD trademark, in
the same channels of trade as AAG, and directed and offered to the same prospective purchasers
and consumers as AAG.  By virtue thereof, DRG has willfully and in bad faith interfered with
Plaintiffs' commercial interests and their ability to conduct their business.

105.    DRG's aforesaid wrongful actions has resulted in and will continue to result in
DRG capitalizing on, trading off and benefiting from the hard-earned and long-standing goodwill
and reputation established for the PLASTER J-BEAD trademark and the labor, skill and
expenditures of Plaintiffs, as well as loss of sales and revenue to Plaintiffs by diverting sales
from AAG to DRG, resulting in ill-gotten gains and revenues to DRG to which it is not entitled.

106.    DRG's aforesaid wrongful conduct has deprived Plaintiffs of the ability to control
consumer perception of the PLASTER J-BEAD trademark, placing the valuable goodwill in the

trademark in the hands of DRG.  Deficiencies or faults in the quality of DRG's J-BEAD Grilles

is likely to reflect negatively upon, tarnish or seriously injure the goodwill and reputation

established for AAG's grilles sold under the PLASTER J-BEAD trademark.

107.    DRG's use of the J-BEAD mark to advertise, offer to sell, distribute and sell its

infringing and copied linear bar grilles violates INV's common law rights in its PLASTER J-

BEAD trademark and willful and knowing trademark infringement and unfair competition in

violation of 15 U.S.C. § 1125(a).

108.    DRG's infringement has been willful, wanton, and in deliberate disregard of

INV's common law rights in its PLASTER J-BEAD trademark.  The knowing and intentional

nature of DRG's acts renders this an exceptional case under 15 U.S.C. § 1117(a).

109.    As a direct and proximate consequence of DRG's unlawful acts of trademark

infringement and unfair competition, Plaintiffs have suffered and continue to suffer irreparable

injury and monetary damages.  As a result of the foregoing, pursuant to 15 U.S.C. § 1117(a),

Plaintiffs are entitled to recover from DRG monetary damages adequate to compensate for such

infringement and unfair competition in an amount to be determined at trial and treble damages,

together with interest, costs and reasonable attorney fees.

110.    DRG's use of the J-BEAD mark on or in connection with advertising, offering to

sell, distributing and selling its infringing linear bar grilles has caused, is causing and, unless

such acts are enjoined by the Court, will continue to cause great and irreparable harm to

Plaintiffs, including the continuing loss of the valuable goodwill established in the PLASTER J-

BEAD trademark.  This continuing loss of goodwill cannot be properly calculated, and thus

constitutes irreparable harm and an injury for which Plaintiffs have no adequate remedy at law

and for which they are entitled to preliminary and permanent injunctive relief pursuant to 15

U.S.C. § 1116(a), enjoining DRG from committing further acts of trademark infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

**Count V**
**Unfair Competition and Trademark**
**Infringement Under New York Common Law**

111.    Plaintiffs reallege and incorporate each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

112.    INV owns the '988 patent which issued from the '038 application filed on January 6, 2014.  The '038 application published as Publication No. 2015-0192320 A1 on July 9, 2015.

113.    INV owns the '305 patent which issued from the '855 application filed on March 31, 2017.  The '855 application published as Publication No. US-2017-0205110 A1 on July 20, 2017.

114.    INV owns the '735 Registration for the trademark PLASTER J-BEAD registered on January 31, 2017 for use in connection with metal frames used for metal linear bar grilles.

115.    Since around December 2013, AAG has continuously and extensively advertised, offered for sale, distributed and sold its Plaster J-BEAD Grilles, commercial embodiments of the '988 and '305 patents and embodying proprietary information belonging to INV, under the PLASTER J-BEAD mark in interstate commerce in the United States, including in New York and this District, and expended significant time and money to do so.  Since around December 2013, AAG's Plaster J-BEAD Grilles have been commercially successful.

116.    INV owns valid and enforceable rights to the PLASTER J-BEAD trademark under the common law of New York by virtue of AAG's long and continuous use of the

trademark in New York and this District to advertise, distribute, offer to sell and sell its Plaster J-BEAD Grilles since around December 2013.

117.    Through widespread and favorable public acceptance and recognition, the trademark PLASTER J-BEAD has become an asset of substantial value as a symbol of AAG, its high quality linear bar grilles, and the valuable goodwill belonging to Plaintiffs.  The aforesaid recognition and substantial goodwill arose and accrued prior to the acts of DRG complained of herein.

118.    DRG willfully, unfairly and in bad faith misappropriated and exploited INV's proprietary information embodied in AAG's Plaster J-Bead Grilles and a commercial advantage belonging to Plaintiffs by advertising, offering for sale, distributing and selling in New York and this District its infringing and copied J-BEAD Grilles closely resembling AAG's Plaster J-Bead Grilles and also doing so by knowingly, willfully and in bad faith infringing INV's PLASTER J-BEAD mark by using the nearly identical and confusingly similar J-BEAD mark to sell DRG's infringing and copied linear bar grilles.

119.    Before the '988 and '305 patents issued, DRG had actual knowledge of AAG's Plaster J-BEAD Grilles, commercial embodiments of the '988 and '305 patents and embodying INV's proprietary information, as well as Plaintiffs' proprietary rights in AAG's Plaster J-Bead Grilles.  Despite its knowledge, DRG intentionally and in bad faith misappropriated and copied AAG's Plaster J-BEAD Grilles and advertised, distributed, offered for sale and sold its J-BEAD Grilles in New York and this District under the nearly identical and confusingly similar J-BEAD mark to unjustly benefit, improperly capitalize on and misappropriate the labor, skill and expenditures of Plaintiffs.

120.     DRG's aforesaid wrongful activities have and continue to divert sales and revenue from Plaintiffs to DRG, directly resulting in ill-gotten gains, profits and revenue to DRG and lost sales, economic harm and competitive injury to Plaintiffs.

121.     DRG's aforesaid wrongful activities have caused, are causing and/or is likely to cause confusion and mistake in the minds of consumers and/or deceive consumers as to the origin, identity or source of DRG's J-BEAD Grilles or as to its grilles being connected with or authorized, endorsed or otherwise approved by Plaintiffs.  DRG uses the J-BEAD mark on or in connection with the same type of linear bar grilles advertised, distributed, offered for sale and sold by AAG in interstate commerce in the United States, in the same channels of trade as AAG, and directed and offered to the same classes of prospective purchasers as AAG.  By reason of the foregoing, DRG has interfered with Plaintiffs' commercial interests and business activities, and continues to do so.

122.     DRG engaged in the aforesaid wrongful conduct for its own commercial advantage and benefit and to unfairly compete with AAG to the detriment of Plaintiffs.  DRG has unjustly profited by its acts of trademark infringement and unfair competition.

123.     As a result of the aforesaid wrongful conduct, DRG has engaged in and continues to engage in trademark infringement and unfair competition in violation of New York state law.

124.     DRG's acts were done in bad faith and constitute willful, deliberate and knowing trademark infringement and unfair competition.  The knowing, intentional and willful nature of DRG's acts renders this an exceptional case.

125.     As a result of the foregoing, Plaintiffs are entitled to monetary damages in an amount to be determined at trial and enhanced and treble damages, together with interest, full costs and reasonable attorney fees.

126.   DRG's aforesaid wrongful acts of unfair competition and trademark infringement have caused, are causing and, unless such acts are enjoined by the Court, will continue to cause great and irreparable harm to Plaintiffs, including the continuing loss of the valuable goodwill established in the trademark PLASTER J-BEAD.  This continuing loss of goodwill cannot be properly calculated, and thus constitutes irreparable harm and an injury for which Plaintiffs have no adequate remedy at law and for which they are entitled to preliminary and permanent injunctive relief, enjoining DRG from committing further unlawful acts of unfair competition and trademark infringement.

## JURY DEMAND

127.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a jury trial of all issues that may be tried to a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment and Order against DRG as follows:

1.   Finding DRG has infringed the '988 patent and '305 patent;

2.   Finding DRG has willfully infringed the '988 patent and '305 patent;

3.   That DRG and its distributors, affiliates, parents, subsidiaries, officers, directors, agents, servants, representatives, employees, licensees, successors, assigns and all those persons and entities acting for DRG and on its behalf, or acting in concert with DRG directly or indirectly, be preliminarily and permanently enjoined from further acts of infringement of the '988 patent and '305 patent pursuant to 35 U.S.C. § 283;

4.   Awarding Plaintiffs damages for DRG's infringement of the '988 patent and '305 patent pursuant to 35 U.S.C. § 284;

5.      Awarding Plaintiffs enhanced damages up to three times the amount of damages found or measured for DRG's willful infringement of the '988 patent and '305 patent pursuant to 35 U.S.C. § 284;

6.      Awarding Plaintiffs their full costs incurred in this action for DRG's willful infringement of the '988 and '305 patents;

7.      Declaring this case "exceptional" under 35 U.S.C. § 285 and awarding Plaintiffs their reasonable attorney fees in this matter;

8.      Awarding Plaintiffs pre-judgment and post-judgment interest as applicable by law for DRG's infringement of the '988 patent and '305 patent;

9.      Finding DRG has infringed INV's PLASTER J-BEAD trademark in violation of 15 U.S.C. § 1114(1);

10.     Finding DRG has infringed INV's PLASTER J-BEAD trademark in violation of 15 U.S.C. § 1125(a);

11.     Finding DRG engaged in trademark infringement and unfair competition under the common laws of the State of New York;

12.     That DRG and its distributors, affiliates, parents, subsidiaries, officers, directors, agents, servants, representatives, employees, licensees, successors, assigns and all those persons and entities acting for DRG and on its behalf, or acting in concert with DRG directly or indirectly, be preliminarily and permanently enjoined from:

(a)      Using in any manner the J-BEAD mark, and any other trademark, designation, name, phrase or term that incorporates the J-BEAD mark, or is likely to cause confusion, mistake or deception to consumers with INV's PLASTER J-BEAD trademark or is confusingly similar to or a colorable imitation of INV's PLASTER J-BEAD trademark on any goods or services for

architectural grille products, including linear bar grilles, or in connection with the advertising,

distribution, offer for sale and sale of linear bar grilles, in the United States;

(b)     Engaging in any acts or conduct calculated or likely to cause confusion,

mistake or deception to consumers in the United States as to the origin, identity or source of

DRG's grilles advertised, offered for sale, distributed or sold in the United States, or likely to

cause confusion, mistake or deception to consumers in the United States as to believe that there

is some connection between Plaintiffs and DRG, or that DRG's J-BEAD Grilles are sponsored,

authorized or licensed by, or in any other way associated with, Plaintiffs;

(c)     Making any representations, express or implied, that Plaintiffs are affiliated

with or sponsors or approves of DRG's architectural grilles, including its J-BEAD Grilles;

(d)     Engaging in any activity constituting unfair competition with Plaintiffs; and


(e)     Aiding, assisting or abetting any other individual or entity in doing any act

prohibited by sub-paragraphs (a) through (d).

13.     Directing that DRG to provide an accounting to Plaintiffs for all gains, profits and

advantages derived from DRG's unlawful acts of patent infringement, trademark infringement,

and unfair competition and to remit such gains and profits to Plaintiffs;

14.     Directing that DRG pay Plaintiffs such damages as Plaintiffs have sustained under 15

U.S.C. § 1117(a), as a consequence of DRG's unlawful acts of trademark infringement under 15

U.S.C. § 1114(1), in an amount to be proven at trial;

15.     Directing that DRG pay Plaintiffs such damages as Plaintiffs have sustained under 15

U.S.C. § 1117(a), as a consequence of DRG's unlawful acts of trademark infringement and

unfair competition under 15 U.S.C. § 1125(a), in an amount to be proven at trial;

16.    Directing that DRG pay INV such damages as Plaintiffs have sustained for DRG's unlawful acts of trademark infringement and unfair competition under the common laws of the State of New York, in an amount to be proven at trial;

17.    Directing that DRG pay a judgment to Plaintiffs for enhanced damages up to three times the amount of damages found or measured under 15 U.S.C. § 1117(a) and/or New York law for DRG's unlawful willful, intentional and bad faith acts of trademark infringement and unfair competition in violation of 15 U.S.C. §§ 1114(1) and 1125(a) and New York common law;

18.    Directing that DRG pay Plaintiffs' reasonable attorney fees and full costs of this action under 15 U.S.C. § 1117(a) and/or New York law, and pre-judgment and post-judgment interest pursuant to 15 U.S.C. § 1117(a) and/or New York law, for their unlawful acts of trademark infringement, and unfair competition;

19.    Ordering that DRG, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve on counsel for Plaintiffs within thirty (30) days after entry of any preliminary or permanent injunction issued by the Court in this action, a written report under oath describing in detail the manner and form in which DRG has complied with the injunction;

20.    Requiring that DRG to immediately recall from the trade and all distribution channels in the United States all products infringing the claims of the '988 and '305 patents and all products, packaging, advertising, sales, promotional and other materials bearing the J-BEAD mark on products, including DRG's J-BEAD Grilles;

21.    Directing DRG to deliver up to this Court by a date that the Court will direct, for impounding, destruction or other disposition, all products infringing the claims of the '988 and '305 patents and all products and materials bearing the J-BEAD mark in DRG's possession,

custody or control, in the United States, including, without limitation, all goods, packaging, package inserts, labels, signs, prints, wrappers, displays, advertising or other materials; and

23.     Finding that Plaintiffs be awarded such other and further equitable or legal relief as this Court may deem to be just and proper.


May 18, 2021                                        Respectfully submitted,
                                                    INV Holdings, Inc.
                                                    Advanced Arch Grilleworks, Inc.
                                                            By its Attorneys
                                                            /PhilipMWeiss/
                                                            Philip M. Weiss  (PW 4505)


                                                    Weiss & Weiss
                                                    410 Jericho Tpke Suite 105
                                                    Jericho, NY 11753
                                                    516 739-1500
                                                    hello@weissandweisspc.com